P. D. Bowlen, (Alleged) Transferee, Guelph Texas Oil Syndicate v. Commissioner.
Bowlen v. Commissioner
Docket No. 5412.
United States Tax Court
1945 Tax Ct. Memo LEXIS 229; 4 T.C.M. (CCH) 393; T.C.M. (RIA) 45150; April 18, 1945
*229 J. Marvin Kelly, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: This proceeding involves deficiencies determined against petitioner as transferee in the amounts and for the years set forth in the following table: Declared Value
Income
25%
Excess Profits
25%
Year
Tax
Penalty
Interest
Tax
Penalty
Interest
1933
$ 837.93
$ 209.48
$ 494.65
$ 304.70
$ 76.18
$ 179.87
1934
724.49
181.12
384.21
263.45
65.86
139.71
1935
451.28
112.82
212.25
164.10
41.03
77.18
1936
627.53
156.88
257.49
342.29
85.57
140.45
1937
854.25
213.56
299.26
465.96
116.49
163.24
1938
628.33
157.08
182.42
396.84
99.21
115.21
1939
414.30
103.58
95.42
261.66
65.42
60.27
1940
494.53
123.63
84.23
272.00
68.00
46.33
1941
606.95
151.74
66.96
267.06
66.77
29.46
1942
8,026.14
2,006.54
403.94
3,116.03
779.01
156.82
Totals
$13,665.73
$3,416.43
$2,480.83
$5,854.09
$1,463.54
$1,108.54
On November 29, 1944, an order was entered herein granting respondent's motion of October 30, 1944, to require that the undenied allegations of fact contained in his answer be deemed to *230 be admitted pursuant to Rule 18 of the Tax Court's Rules of Practice. When this proceeding was called for hearing pursuant to notice there was no appearance on behalf of petitioner. Consequently, in the absence of any countervailing evidence of any countervailing evidence and based upon the undenied allegations in respondent's answer, the record warrants the following, Findings of Fact 1. In December, 1942, the Guelph Texas Oil Syndicate sold its oil and gas properties to the Atlantic Refining Company for $25,000. Such properties constituted said syndicate's sole assets located in the United States. The proceeds from said sale were received by P. D. Bowlen, the petitioner herein. 2. The money paid for said oil and gas properties was received direct from the purchaser by P. D. Bowlen or was transferred by Guelph Texas Oil Syndicate to him. 3. The money received by P. D. Bowlen from the sale of the oil and gas properties of Guelph Texas Oil Syndicate was in excess of the taxes and penalties assessed by the respondent against petitioner as transferee of the assets of Guelph Texas Oil Syndicate for the taxable years involved. 4. The transfer or distribution of the assets of Guelph *231 Texas Oil Syndicate to petitioner rendered it insolvent and left it without assets of any kind from which the tax liability and penalties asserted by the respondent for the taxable years involved could be collected or paid. 5. The distribution or transfer of such assets, or cash, by the Guelph Texas Oil Syndicate to the petitioner was made to the petitioner without consideration. 6. Since the date of the transfer of such assets, or cash, by Guelph Texas Oil Syndicate, the syndicate has had no income and has possessed no assets of any kind from which the tax liability and penalties involved could be collected. 7. The deficiencies in tax and penalties, plus interest, of the Guelph Texas Oil Syndicate, which the respondent has assessed against petitioner as transferee, have never been paid or collected and still remain outstanding. On the strength of the findings so made, Decision will be entered for the respondent.